IN THE COURT OF COMMON PLEAS
HAMILTON COUNTY, OHIO

**FILED**
JUL 24 2007
GREGORY HARTMANN
CLERK OF COURTS

ORBIT MOVERS & ERECTORS, INC.
1101 Negley Place
Dayton, Ohio 45407

    Plaintiff,

v.

FLUOR FERNALD, INC.
c/o CSC-Lawyers Incorporating Service,
Statutory Agent
50 West Broad Street, Suite 1800
Columbus, Ohio 43215

    Defendant.

Case No. A0706507

Judge

**JURY DEMAND ENDORSED HEREON**

## COMPLAINT

For its Complaint against Fluor Fernald, Inc. ("Fluor" or "Defendant"), Plaintiff Orbit Movers & Erectors, Inc. ("Plaintiff" or "Orbit") states and alleges as follows:

### GENERAL ALLEGATIONS

1. Orbit is an Ohio corporation, organized and existing under the laws of the State of Ohio with its principal place of business in Dayton, Ohio, and is in the business of construction contracting.

2. Upon information and belief, Fluor is a corporation, organized and existing under the laws of the State of California and authorized to do business in the State of Ohio.

3. In or about December 2000, Fluor entered into a cost-plus incentive-fee contract, Contract No. DE-AC24-01OH20115 ("the Contract"), with The United States Department of Energy (the "Owner" or the "DOE") to perform certain work and/or administer certain contracts at DOE's Fernald, Ohio facility in Hamilton County (the "Facility").

1



4. The Contract was modified in or around April 2003, providing that Fluor could earn a bonus of approximately $288 million for the early completion of work by June 2006.

### *The Silo 3 Project*

5. On or about December 19, 2002, Fluor issued Solicitation No. F03PB01533, requesting proposals for Contract No. FSC 685 (the "Silo 3 Solicitation"), commonly known as the Silo 3 Remediation Facility Project – Structural and Architectural (the "Silo 3 Project").

6. On or about January 20, 2003, January 22, 2003, and January 28, 2003, Fluor issued Amendment Nos. 1, 2 and 3, respectively, to the Silo 3 Solicitation.

7. On or about January 28, 2003, Orbit submitted its sealed proposal for the Silo 3 Project, which was determined to be the lowest responsive and responsible proposal.

8. On or about February 26, 2003, Fluor awarded a subcontract to Orbit for the Silo 3 Project (the "Silo 3 Subcontract"). A copy of the Silo 3 Project Subcontract is not attached hereto because it is voluminous and already in Fluor's possession.

9. Orbit's work under the Silo 3 Subcontract generally consisted of the installation of government-furnished equipment and the supply and installation of components required to construct and fully enclose the Excavator Building and the Cargo Container Building at the Facility.

10. Fluor issued its Notice to Proceed to Orbit on or about March 3, 2003, and Orbit commenced its work on the Silo 3 Project or about April 17, 2003.

11. During the performance of its work, Orbit experienced hindrances, disruptions, interferences, and delays, which were outside of Orbit's control, and which were caused by Fluor and/or other crafts working at and under Fluor's direction and control.

2

12. In addition, Fluor directed Orbit to make changes to the work, changed the plans, specifications, and/or manner of performance of Orbit's work under the Silo 3 Subcontract.

13. Orbit performed the additional, altered, and/or changed work as required by the Silo 3 Subcontract.

14. Orbit experienced site conditions that differed materially from those represented in the plans and specifications and/or were unusual conditions that Orbit could not reasonably anticipate based on a general knowledge of the conditions at the Project location.

15. The Silo 3 Subcontract contains provisions providing for additional equitable compensation resulting from delays, changes and/or additions to the work, and differing site conditions, consistent with contractual principals set forth in the prime contract and under the Federal Acquisition Regulations.

16. Individually and cumulatively, the delays, interferences, changes, and differing site conditions impacted Orbit's ability to complete its work as bid.

17. Orbit timely submitted its claims to Fluor for consideration, evaluation, and action.

18. Fluor failed and/or refused to equitably adjust Orbit's contract to compensate Orbit for the reasonable and necessary costs incurred as a result of hindrance, delay, changes, and differing site conditions.

19. Fluor's failure to enter a change order and/or make an equitable adjustment for Orbit's claims is a breach of the Silo 3 Subcontract, for which Orbit is entitled to recover its direct and proximate damages in an amount in excess of $25,000.

*The Silos 1 & 2 Project*

20. In or about January 2003, Fluor issued Solicitation No. F03PB14204, requesting proposals for Contract No. FSC 682, commonly known as the Silos 1 & 2 Remediation Facility Project – Structural Steel Phase 1 Project (the "Silos 1 & 2 Project").

21. On or about February 28, 2003, Orbit submitted its sealed proposal for the Silos 1 & 2 Project, which proposal was determined to be the lowest responsive and responsible proposal.

22. On or about March 27, 2003, Fluor awarded a subcontract to Orbit for the Silos 1 & 2 Project (the "Silos 1 & 2 Subcontract"). A copy of the Silos 1 & 2 Subcontract is not attached hereto because it is voluminous and already in the possession of Fluor.

23. Originally, the Silos 1 & 2 Subcontract generally consisted of the erection of structural steel—commonly known as Phase 1.

24. On or about June 13, 2003, after Orbit had been awarded the Silos 1 & 2 Subcontract, Orbit received from Fluor a Request for Proposal (the "RFP"), No. C:CONT(CA):2003-0502, in which Fluor requested Orbit to submit a fixed-price, lump-sum proposal for Phase 3. Phase 3 generally consisted of architectural finishes, roofing, and siding ("Phase 3").

25. According to the RFP, if Orbit submitted the "lowest priced, technically responsive offer" in response to the RFP, Fluor would modify the existing Contract No. FSC 682 for the Silos 1 & 2 Project (which originally only included the Phase 1 work) to incorporate the Phase 3 work.

26. On or about July 21, 2003, Orbit submitted its proposal for Phase 3, which was determined to be the lowest responsive and responsible proposal.

27. Fluor issued its Notice to Proceed to Orbit on or about August 25, 2003, and Orbit commenced its work on Phase 3 on or about that same day.

28. Orbit's proposal and the scope of work on Phase 3 did not include the fabrication and installation of the platforms and related items in Product Fill Rooms A, B, and C (the "Product Fill Room Platforms").

29. In or about January 2004, Fluor directed Orbit to proceed with the fabrication and installation of the Product Fill Room Platforms.

30. Orbit performed the Product Fill Room Platforms work, as it was directed to do by Fluor.

31. The Product Fill Room Platforms work was and is additional work.

32. During Orbit's performance of the Silos 1 & 2 Subcontract, Fluor also directed other changes to the plans, specifications, and/or manner of performance of Orbit's work.

33. Orbit performed all base contract and all additional and/or changed work as directed by Fluor on the Silos 1 & 2 Subcontract.

34. During Orbit's performance of the Silos 1 & 2 Subcontract, Fluor also unilaterally de-obligated, and then later re-obligated, funding for certain portions of the work.

35. Individually and cumulatively, the changes to Orbit's work, including but not limited to the Product Fill Room Platforms work, as well as the de-obligation and re-obligation of funding for certain portions of the work, delayed and increased the cost of Orbit's performance.

36. The Silos 1 & 2 Subcontract contains provisions providing for additional equitable compensation resulting from changes and/or additions to the work, consistent with

contractual principals set forth in the prime contract and under the Federal Acquisition Regulations.

37. Orbit timely submitted its claims for equitable adjustments, including additional time and additional compensation of the changes to Fluor, which claims Fluor denied.

38. Fluor failed or refused to issue Orbit a change order or make other equitable adjustment to the Silos 1 & 2 Subcontract.

39. Fluor's failure to enter a change order and/or make an equitable adjustment for Orbit's claims is a breach of the Silos 1 & 2 Subcontract, for which Orbit is entitled to recover its direct and proximate damages in an amount in excess of $25,000.

## COUNT ONE – BREACH OF CONTRACT
### Silo 3 Project

40. Orbit incorporates the preceding paragraphs of this Complaint as if fully re-written herein.

41. Fluor's refusal to compensate Orbit for its additional costs resulting from changes required and/or directed by Fluor during performance of the work is a breach of the Silo 3 Subcontract, for which Orbit is entitled to recover its direct and proximate damages.

42. As a direct and proximate result of Fluor's breach of the Silo 3 Subcontract, Orbit has been damaged in excess of $25,000, for which it claims, together with pre- and post-judgment interest at the maximum statutory rate, attorney's fees, the cost of this action, and such other relief as the Court deems equitable and just.

## COUNT TWO – BREACH OF WARRANTY
### Silo 3 Project

43. Orbit incorporates the preceding paragraphs of this Complaint as if fully re-written herein.

44. Fluor warranted that it would provide Orbit a project site on which to work without hindrance, interference, or delay.

45. Flour breached this warranty through the numerous changes, delays, disruptions, interferences, and differing site conditions caused by Fluor.

46. As a result of Fluor's breach of warranty, Orbit has been damaged in excess of $25,000, for which it claims, together with pre- and post-judgment interest at the maximum statutory rate, attorneys fees, the cost of this action, and such other relief as the Court deems equitable and just.

### COUNT THREE – BREACH OF CONTRACT
### Silos 1 & 2 Project

47. Orbit incorporates the preceding paragraphs of this Complaint as if fully re-written herein.

48. Fluor's refusal to compensate Orbit for its additional costs resulting from changes required and/or directed by Fluor during performance of the work is a breach of the Silos 1 & 2 Subcontract, for which Orbit is entitled to recover its direct and proximate damages.

49. As a direct and proximate result of Fluor's breach of the Silo 3 Subcontract, Orbit has been damaged in excess of $25,000, for which it claims, together with pre- and post-judgment interest at the maximum statutory rate, attorney's fees, the cost of this action, and such other relief as the Court deems equitable and just.

### COUNT FOUR – BREACH OF WARRANTY
### Silos 1 & 2 Project

50. Orbit incorporates the preceding paragraphs of this Complaint as if fully re-written herein.

51. Fluor warranted that it would provide Orbit a project site on which to work without hindrance, interference, or delay.

52. Flour breached this warranty through the numerous changes, delays, disruptions, interferences, and differing site conditions caused by Fluor.

53. As a result of Fluor's breach of warranty, Orbit has been damaged in excess of $25,000, for which it claims, together with pre- and post-judgment interest at the maximum statutory rate, attorney's fees, the cost of this action, and such other relief as the Court deems equitable and just.

WHEREFORE, Orbit prays this court for the following relief:

a. On Count One, judgment in favor of Plaintiff Orbit Movers & Erectors, Inc. and against Defendant Fluor Fernald, Inc. in the amount of at least $25,000, or such greater sum as is proven at trial, together with pre- and post-judgment interest at the maximum statutory rate, all costs and attorneys' fees.

b. On Count Two, judgment in favor of Plaintiff Orbit Movers & Erectors, Inc. and against Defendant Fluor Fernald, Inc. in the amount of at least $25,000, or such greater sum as is proven at trial, together with pre-and post-judgment interest at the maximum statutory rate, all costs and attorneys' fees.

c. On Count Three, judgment in favor of Plaintiff Orbit Movers & Erectors, Inc. and against Defendant Fluor Fernald, Inc. in the amount of at least $25,000, or such greater sum as is proven at trial, together with pre-and post-judgment interest at the maximum statutory rate, all costs and attorneys' fees.

d. On Count Four, judgment in favor of Plaintiff Orbit Movers & Erectors, Inc. and against Defendant Fluor Fernald, Inc. in the amount of at least $25,000, or such greater sum as is

proven at trial, together with pre-and post-judgment interest at the maximum statutory rate, all costs and attorneys' fees.

Respectfully submitted,

_/s/_
Daniel F. Edwards (0060017)
Gabe J. Roehrenbeck (0078231)
THOMPSON HINE LLP
10 West Broad St., Suite 700
Columbus, Ohio 43215
614.469.3200
614.469.3361 (facsimile)
dan.edwards@thompsonhine.com
gabe.roehrenbeck@thompsonhine.com

*Attorneys for Plaintiff, Orbit Movers & Erectors, Inc.*

## JURY DEMAND

Plaintiff hereby demands that all matters herein be tried before a jury.

_/s/_
Gabe J. Roehrenbeck